Argued June 26, affirmed July 29, reconsideration denied
October 2, petition for review allowed November 19, 1974

STATE OF OREGON, *Respondent, v.* CHARLES
CARL LEATHERS (Cir. Ct. No. 1032, Ct. App.
No. 3011), *Appellant.*

525 P2d 63

*Richard S. Mannis,* Portland, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

This is an appeal from a judgment of confinement in the Harney County jail. Defendant, together with his son, was indicted and tried in Harney County Circuit Court for the attempted murder of a state policeman. The jury returned a verdict of guilty of third degree assault, a Class A misdemeanor. ORS 163.165.

Following a lengthy sentencing hearing, the trial judge sentenced defendant to 60 days in the county jail and imposed a fine of $1,000 and costs. However, the court ordered the jail term to be served on weekends in the Multnomah County jail rather than in the Harney County jail.

Shortly thereafter, the Harney County District Attorney filed a motion asking the court to set aside the sentence as void because the court had no authority to order that defendant serve his confinement in Multnomah County. The court then vacated the original order of confinement and ordered that defendant serve the balance of the 60-day sentence on weekends in the Harney County jail. (Defendant had already served part of his sentence in the Multnomah County jail.)

■■ Defendant asks this court to vacate the second confinement order and reinstate the original order. He argues that the court had no authority to revise and increase defendant's sentence (confinement in the Multnomah County jail) by ordering that defendant serve the balance of his confinement in the Harney County jail, and that therefore the second order is void.

We note that the second sentence is the same as the original, except for the place of confinement.

ORS 137.330 (1) provides that when a court enters a judgment of imprisonment in the county jail, the confinement is to be "in the jail of the county where the judgment is given." There are, however, three exceptions to this rule: (1) when the trial is conducted in another county because of a change of venue, confinement shall be in a jail of the county where the action was originally commenced, ORS 137.330 (1); (2) when the county where judgment is given has no jail, confinement may be ordered to be served in an adjoining county, ORS 137.130; and (3) when the existing jail is not "suitable," the defendant may be confined in another county, ORS 137.140. Defendant argues that this last exception is applicable and authorized the trial court to order confinement in the Multnomah County jail.

ORS 137.140 provides:

"Whenever it appears to the court that there is no sufficient jail in the proper county, as provided in ORS 137.330, suitable for the confinement of the defendant, the court may order the confinement of the defendant in the jail of any county in the state."

The proper county in the present case is Harney County. ORS 137.330 (1). Therefore, in order to

justify defendant's confinement in the Multnomah County jail under ORS 137.140, the trial court must find that the Harney County jail is not "sufficient" for the "suitable" confinement of defendant. It is apparent from the record that the decision to allow defendant to serve his period of confinement in Multnomah County, rather than in Harney County, was made primarily as a matter of consideration and convenience to defendant. Defendant operates a business and lives in Multnomah County.

Without elaborating on various theories concerning imprisonment of convicted criminal defendants, we note that confinement in a county jail as a result of a misdemeanor conviction is not a matter of convenience to the defendant. There is no evidence that the Harney County jail is not a suitable jail for the confinement of prisoners. The only matter presented is that the Harney County jail is not convenient for defendant.

Convenience to the defendant is not a sufficient basis for the trial court to provide that defendant serve his county jail sentence in Multnomah County. It follows that the prior order was void and the trial court was authorized to enter a valid judgment—that defendant serve the balance of his confinement on weekends in the Harney County jail. *State v. Nelson,* 246 Or 321, 325, 424 P2d 223, *cert denied* 389 US 964 (1967); *State v. Cotton,* 240 Or 252, 254, 400 P2d 1022 (1965); *State ex rel Gladden v. Kelly,* 213 Or 197, 200, 324 P2d 486 (1958).

Affirmed.