Argued November 20, 1957, writ issued April 16, 1958

## STATE ex rel GLADDEN v. KELLY
### 324 P. 2d 486

*Peter S. Herman*, Assistant Attorney General, Salem, argued the cause for the relator. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*Merlin Estep*, Salem, argued the cause for defendant. On the briefs were Hewitt & Estep, Salem.

PERRY, C. J.

Robert B. Merrill was indicted in the Circuit Court of the State of Oregon for the County of Jackson on October 22, 1945, the charging part of the indictment reading as follows:

"The said Robert Benjamin Merrill on the 25th day of July, A. D. 1945, in the said County of Jackson and State of Oregon, then and there being, and then and there being armed with a dangerous weapon, to-wit, a beer bottle, did then and there unlawfully and feloniously assault one Dave Hicken, by striking him with said beer bottle, with intent then and there on the part of him, the said Robert Benjamin Merrill, to then and there unlawfully, feloniously, forcibly and violently take, steal and carry away the goods, money and chattels from the person of the said Dave Hicken, and against his will, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

Merrill entered a plea of "not guilty," was duly tried and convicted. On November 17, 1945, Merrill was sentenced to a term of 20 years in the state penitentiary. On June 7, 1957, Merrill filed a motion in the Circuit Court of the State of Oregon for Jackson County for an order vacating the sentence. The circuit court

granted the motion and directed that Merrill be returned to that court for imposition of sentence. Without objection, the warden of the state penitentiary returned Merrill and the circuit court imposed sentence for a term of 12 years and 215 days.

Clarence T. Gladden, Warden of the Oregon State Penitentiary, hereinafter to be designated as the relator, has applied to this court for a writ of mandamus to compel the circuit judge to vacate his order of July 19, 1957, and reinstate the prior sentence, on the ground that the circuit court was without jurisdiction to vacate its prior order and substitute the subsequent sentence.

Merrill was convicted of violation of § 23-427, OCLA, which, insofar as is material to this matter, reads as follows:

> "If any person shall assault another with intent to * * * rob, * * * such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary during the life of such person or for a period of not less than one nor more than twenty years."

At the time of his conviction § 23-429, OCLA, provided, as a penalty for assault and robbery, imprisonment in the penitentiary "not less than three nor more than fifteen years." Since § 23-429, OCLA, provided a penalty for assault and robbery of not in excess of 15 years, the trial court determined that § 23-427, OCLA, was unconstitutional to the extent that it provided a maximum penalty of 20 years for attempted assault and robbery.

■ It is the general rule in most jurisdictions that when a valid sentence of the court has been passed upon a defendant, and the defendant has been committed under that sentence, the trial court has lost

jurisdiction to proceed further in the matter. The reporter of the annotations, 168 ALR 707, states it thus:

> "The great weight of authority supports the rule that when a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of the court at which the sentence was pronounced; any attempt to do so is of no effect and the original sentence remains in force."

This court follows the weight of authority "* * * where a sentence had been passed upon a defendant and the judgment has gone into effect by commitment of the defendant under it, the court has done all that it had the legal power to do under the proceedings in that case." *State v. Cannon*, 11 Or 312, 314, 2 P 191.

Where a sentence imposed is void, the trial court has not exhausted its jurisdiction, since in passing the void sentence it had in fact passed no sentence, and it may then substitute a valid sentence for one that is void. *Little v. Gladden*, 202 Or 16, 273 P2d 443; see annotations, 44 ALR 1212, 70 ALR 822, and 168 ALR 719.

We have today held in *Landreth v. Gladden,* 213 Or 205, 324 P2d 475, that a sentence greater than the term limited by statute is not void but voidable. Therefore, assuming that the original sentence imposed by the trial court upon Merrill was excessive, it was not void but only voidable.

In *In re Bonner*, 151 US 242, 14 S Ct 323, 325, 38 L ed 149, the court, speaking through Mr. Justice Field, said:

> "* * * in all cases where life or liberty is affected by its proceedings, the court must keep strictly within the limits of the law authorizing it to take jurisdiction and to try the case and to render

judgment. It cannot pass beyond those limits in any essential requirement in either stage of these proceedings. \* \* \* From a somewhat extended examination of the authorities we will venture to state some rule applicable to all of them, by which the jurisdiction as to any particular judgment of the court in such cases may be determined. It is plain that such court has jurisdiction to render a particular judgment only when the offence charged is within the class of offences placed by the law under its jurisdiction; and when, in taking custody of the accused, and in its modes of procedure to the determination of the question of his guilt or innocence, and in rendering judgment, the court keeps within the limitations prescribed by the law, customary or statutory. When the court goes out of these limitations, its action, to the extent of such excess, is void. Proceeding within these limitations, its action may be erroneous, but not void."

■ It, therefore, must logically follow that a sentence passed in accordance with the provisions of statute is a valid act unless the statute itself which authorizes the imposition of the sentence is unconstitutional.

In this case, the sentence imposed upon the defendant was in all respects in conformity with the power granted the trial court under the provisions of § 23-427, OCLA. It is only when the constitutionality of the statute is examined that any doubt arises as to the validity of the judgment.

· ■ Therefore, the precise question is: Can a court that has passed sentence in accordance with the powers granted by statute, and execution thereof has commenced, retain jurisdiction in the original action to reconsider the constitutionality of the punishment provided in the legislative act?

This precise question does not seem to have been considered either by the learned trial judge or by the attorneys for the parties.

Examination of the authorities applicable to the circumstances of this case discloses that a court retains jurisdiction of a cause when the sentence passed is totally void. *Little v. Gladden,* supra; see annotated authorities under title "Invalid Sentence," 168 ALR 719. But, except where authorized by statute, we have found no case in which the trial courts have retained jurisdiction, after sentence imposed and execution commenced, to determine the validity of the statute under which the defendant was tried and convicted. This, we believe, is so because a court having jurisdiction in a criminal case has a duty to impose sentence on one who has been found guilty. If it has imposed a sentence which is totally void, the result is that in the eyes of the law no sentence has been imposed at all and the court is still vested with jurisdiction to perform its original duty. But when a valid sentence, even though excessive in part, has been imposed, and when the time for granting a new trial or for taking an appeal has expired and the term has passed, the trial court is without power to deal further with the case.

In *People v. Albin,* 111 Cal App2d 800, 245 P2d 660, the defendant was adjudged to be a sexual psychopath and committed to an institution as provided by statute. After commitment he petitioned the trial court to vacate the sentence on the ground that the statute was unconstitutional. The trial court denied the application and the appellate court in affirming the act of the trial court on page 803 said:

"* * * The order became final. If the statute is unconstitutional now, it was unconstitutional then and an appeal therefrom was a legal remedy then available. Since it is final, an attack upon it can be made by no remedy other than those provided by law."

In this state, we have enlarged the writ of habeas corpus to provide a post-conviction remedy for those confined whose constitutional rights have been violated. We have now in *Landreth v. Gladden,* supra, further extended the use of habeas corpus to correct an excessive sentence.

It may be, but we do not decide, that § 23-427, OCLA, was unconstitutional in that portion thereof which assesses a penalty of 20 years for assault with intent to rob as excessive and not proportioned to the offence as required by § 16 of the Oregon Bill of Rights when sentence was pronounced upon the defendant, but insofar as the law of this case is concerned the trial court at that time determined it was valid. The effect of defendant's motion is to request that the original case be reopened for determination of matters of law that could have been decided at the time of trial. His remedy while in confinement lies in habeas corpus.

In *Cannon v. Gladden,* 203 Or 629, 281 P2d 233, we did not determine whether or not § 23-427, OCLA, was excessive as it applied to assaults with intent to kill, rob or commit mayhem. In that case we set forth a general principle of law governing the powers of the legislature relative to providing punishment for crimes as circumscribed by our constitution, and held only that life imprisonment for attempted rape was excessive and not in proportion to the offence when the greater crime provided a lesser penalty. Thus we determined that only as to the crime of attempted rape the statute offended constitutional requirements.

Merrill also challenges the right of the warden to maintain this proceeding. However, that contention is foreclosed by our opinion in *State ex rel Gladden v. Sloper,* 209 Or 346, 306 P2d 418.

The demurrer to the alternative writ of mandamus is overruled and the writ ordered to issue.

KESTER, J., resigned before this decision was rendered.

SLOAN, J., did not participate in the consideration or decision of this case.