Argued January 8, affirmed April 14, 1965

# STATE OF OREGON *v.* COTTON
### 400 P. 2d 1022

*Donald B. Bowerman*, Portland, argued the cause and filed a brief for appellant.

*Vincent G. Ierulli*, Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

The defendant, Cletis Cotton, plead guilty in Multnomah county to an indictment charging him with the crime of burglary not in a dwelling, and on February 7, 1964 was sentenced to imprisonment in the county jail for a period of twelve months. The state moved to vacate the sentence on the ground that the court had no jurisdiction to sentence defendant to the county jail when the exclusive penalty provided by statute was imprisonment in the penitentiary for a term not exceeding ten years. The court on February 24, 1964 vacated the original sentence and sentenced the defendant to imprisonment in the penitentiary for a term not exceeding three years. Defendant appeals.

A defendant who has plead guilty may appeal, but the only question which the appellate court may consider is whether "an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed." ORS 138.050. *State v. Froembling*, 237 Or 616, 622, 391 P2d 390 (1964); *State v. Gidley*, 231 Or 89, 371 P2d 992 (1962). The defendant concedes that ordinarily imprisonment in

the penitentiary for three years is not excessive, cruel or unusual punishment for the crime of which he was convicted. He contends, however, that the punishment in this case was cruel and unusual because the penitentiary sentence was imposed after he had been led to believe that he would be treated with leniency and had actually started to serve the sentence of one year in the county jail. Although the defendant's argument is ingenious, it is not convincing.

■■ The court in imposing punishment for a criminal offense is limited strictly to the provisions of the applicable statute, and any deviation from the statute in the mode, extent or place of punishment renders the judgment void. *State v. Commedore*, 239 Or 82, 396 P2d 216 (1964); *Rightnour v. Gladden*, 219 Or 342, 350, 354, 347 P2d 103 (1959); *State v. Boles*, — W Va —, 137 SE2d 418 (1964); *Mathes v. United States*, 254 F2d 938, 939 (9th Cir 1958); *Bozza v. United States*, 330 US 160, 67 S Ct 645, 91 L Ed 818 (1947); *In re Bonner, Petitioner*, 151 US 242, 14 S Ct 323, 38 L Ed 149 (1894). The trial court had no jurisdiction to impose a county jail sentence as punishment for a crime for which the statute provides punishment only by imprisonment in the penitentiary. The original sentence was void and it was the duty of the trial court when the error was called to its attention, or on its own motion, to impose a valid sentence. *State v. Froembling*, supra; *State ex rel Gladden v. Kelly*, 213 Or 197, 200, 324 P2d 486 (1958); *Landreth v. Gladden*, 213 Or 205, 324 P2d 475 (1958); *Gordon Sayre Little v. Gladden*, 202 Or 16, 273 P2d 443 (1954); *State v. Boles*, supra; *Mathes v. United States*, supra; *Bozza v. United States*, supra; *In re Bonner, Petitioner*, supra.

The judgment of the trial court is affirmed.