Argued December 21, 1976, reversed and remanded January 24, 1977

STATE OF OREGON, *Respondent,*

*v.*

MARION ARTHUR HIGHLAND, *Appellant.*

(No. 22388, CA 6192)

558 P2d 1298

Sally Avera, Certified Law Student, Salem, argued the cause for appellant. With her on the brief were Gary D. Babcock, Public Defender, and Robert C. Cannon, Deputy Public Defender, Salem.

John L. Snyder, District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant appeals from his conviction of first degree burglary. ORS 164.225.

Defendant's conviction arose out of an incident where he entered a church, climbed to an upper level of the building, and began shooting at police officers. Defendant did not injure any of the officers and later surrendered after his sister was brought to the scene at his request. Defendant was indicted on two counts of attempted murder and one count of first degree burglary. Defendant's motion to sever the burglary count from the attempted murder counts was granted, and the state elected to proceed initially on the first of the attempted murder counts. After a trial by jury, defendant was convicted of attempted manslaughter, ORS 163.125, and was sentenced to five years' imprisonment, the maximum sentence for attempted manslaughter. ORS 161.405(2)(c). He was transferred to the Oregon State Correctional Institution where he commenced serving the sentence. The state then requested a trial date on the burglary count. Defendant's motion to dismiss was denied, and he was tried and convicted. The court then vacated the sentence for attempted manslaughter and sentenced defendant to ten years' imprisonment on the burglary conviction.

The state concedes that defendant could be sentenced only either for the burglary or for the attempted manslaughter but could not be sentenced for both. *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971); *State v. Prado,* 26 Or App 481, 552 P2d 1317, Sup Ct *review denied* (1976); *State v. Webber,* 14 Or App 352, 513 P2d 496 (1973); *State v. Erbs,* 9 Or App 95, 496 P2d 38 (1972). Given this concession, the question becomes whether it was proper for the court to vacate the attempted manslaughter sentence after defendant had begun serving it in order to sentence defendant on the burglary charge.

In *State ex rel Gladden v. Kelly,* 213 Or 197, 324 P2d 486 (1958), the Supreme Court stated:

"It is the general rule in most jurisdictions that when a valid sentence of the court has been passed upon a defendant, *and the defendant has been committed under that sentence,* the trial court has lost jurisdiction to proceed further in the matter. * * * This court follows the weight of authority '* * * where a sentence had been passed upon a defendant and the judgment has gone into effect by commitment of the defendant under it, the court has done all that it had the legal power to do under the proceedings in that case.' *State v. Cannon,* 11 Or 312, 314, 2 P 191 [1884]." 213 Or at 199-200. (Emphasis supplied.)

As defendant had begun serving his sentence for attempted manslaughter, a sentence the state does not contend is invalid, the court lost all jurisdiction to affect that sentence in any manner. *State ex rel Gladden v. Kelly, supra; State v. Thompson,* 25 Or App 511, 549 P2d 1292 (1976); *State v. Olson,* 22 Or App 344, 539 P2d 166 (1975). And, as defendant can only be sentenced for either attempted manslaughter or burglary and not for both, the conviction and sentence imposed for burglary cannot stand.

The failure of the state to request that sentencing on the attempted manslaughter count be delayed pending the burglary trial compels us to reach this result.

Reversed and remanded.