## STATE OF OREGON,
*Respondent,*

*v.*

## CECIL HIATT,
*Appellant.*

(86-03-3837-C; CA A41780)

739 P2d 72

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was convicted of theft in the first degree, a Class C felony, ORS 164.055, after entering a plea of guilty. His sole contention on appeal is that the trial court erred in committing him to the custody of the county sheriff "for an indeterminate period of time, the maximum of which shall be ten (10) months," rather than to the custody of the Corrections Division. In other words, he contends that the trial court erred in sentencing him—as a misdemeanant[1]—to imprisonment in the county jail rather than—as a felon—to a state facility, where he might serve less time before being paroled. We affirm.

Defendant contends that, in imposing the jail sentence, the trial court failed to comply with ORS 137.124(1):

> "If the court imposes a sentence of imprisonment upon conviction of a felony, it shall not designate the correctional facility in which the defendant is to be confined but shall commit the defendant to the legal and physical custody of the Corrections Division."

However, he overlooks ORS 161.705(1) and ORS 137.124(3), which authorize the sentence he received. ORS 161.705(1) provides, in part:

> "Not withstanding ORS 161.525,[2] the court may enter judgment of conviction for a Class A misdemeanor and make disposition accordingly when:
>
> "(a) A person is convicted of any Class C felony."

ORS 137.124(3) provides:

> "If the court imposes a sentence of imprisonment upon conviction of a misdemeanor, it shall commit the defendant to the custody of the executive head of the correctional facility

---

[1] The "judgment of conviction" entered in this case does not specifically designate that defendant is being punished as a misdemeanant, rather than as a felon. Although it would be preferable if judgments of conviction did so designate, it is implicit in a judgment imposing a term of imprisonment in a county jail that the defendant is being treated and punished as a misdemeanant.

[2] ORS 161.525 provides:

"Except as provided in ORS 161.585 and ORS 161.705, a crime is a felony if it is so designated in any statute of this state or if a person convicted under a statute of this state may be sentenced to a maximum term of imprisonment of more than one year."

for the imprisonment of misdemeanants designated in the judgment."

Accordingly, defendant was sentenced properly to the county jail.[3]

Affirmed.

---

[3] This case is distinguishable from *State v. Cotton,* 240 Or 252, 400 P2d 1022 (1965), on which defendant relies. There, the court held that the trial court lacked jurisdiction to sentence the defendant to county jail for burglary under *former* ORS 164.240, which provided that, if guilty, a defendant "shall be punished upon conviction by imprisonment in the penitentiary for not more than ten years." Unlike the statute under which defendant was convicted, *former* ORS 164.240 provided for a felony penalty exclusively; a sentencing judge was not empowered to impose a misdemeanor sentence.