Argued and submitted November 13, 1991, affirmed February 12, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT SHAWN PINKOWSKY,
*Appellant.*

## (C 90-0242; CA A68362)
826 P2d 10

Richard W. Scholl, Newport, argued the cause for appellant. With him on the brief was Pridgeon, Stimac & Assoc., Newport.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals from a sentence imposed by an amended judgment entered almost a year after the original judgment.[1] We affirm.

On January 19, 1990, defendant pleaded guilty to assault in the third degree. The judge orally imposed a prison term of 12 months as a dispositional departure. OAR 253-08-005.[2] He also orally imposed a 24-month term of post-prison supervision. OAR 253-05-002; OAR 253-08-005(2). The written judgment did not recite the post-prison supervision term. In December, 1990, the state moved to amend the judgment to add it. In January, 1991, the court allowed the motion, over defendant's objection, and entered judgment *nunc pro tunc* February 26, 1990. Defendant had been released from custody in October, 1990.

■ Once a defendant is in the custody of the Department of Corrections, a trial court has only limited authority to amend a judgment. *See State ex rel O'Leary v. Jacobs*, 295 Or 632, 669 P2d 1128 (1983). Defendant argues that the court lacked authority here. He contends that cases holding that a void sentence may be stricken and a valid one imposed, *see, e.g., State v. Leathers*, 271 Or 236, 531 P2d 901 (1975), do not apply, because the original judgment does not show on its face

---

[1] We review defendant's assignment of error under ORS 138.222(4)(a) as a claim that the sentencing court failed to comply with a requirement of law in imposing sentence.

[2] OAR 253-08-005 provides:

"(1) When a sentencing judge imposes a prison term as a dispositional departure, the term of incarceration shall be:

"(a) up to six months for offenses classified in Crime Categories 1 and 2, or grid blocks 3-G, 3-H and 3-I;

"(b) up to twelve months for offenses classified in grid blocks 3-A through 3-F, 4-C through 4-I, and 5-G through 5-I; and

"(c) up to eighteen months for offenses classified in grid blocks 5-F, 6-F through 6-I, and 7-F through 7-I.

"(2) When a sentencing judge imposes a prison term as a dispositional departure, the term of post-prison supervision shall be determined by the crime seriousness category of the most serious current crime of conviction as required by OAR 253-05-002.

"(3) Any sentence inconsistent with the provisions of this rule shall constitute an additional departure and shall require substantial and compelling reasons independent of the reasons given for the dispositional departure."

that it is not valid. His position is that it does not show whether the omission of post-prison supervision was intentional or resulted from the sentencing court's discretionary determination to depart under OAR 253-08-005(3).

■ We do not accept defendant's view of the original judgment. Under the guidelines, a sentencing court does not have discretion *not* to impose post-prison supervision. OAR 253-05-002 *requires* imposition of a term of post-prison supervision as part of the sentence for *any* offender who is sentenced to prison. Even if OAR 253-08-005(3) would permit a downward departure as to the length of the supervision, *but see* Commentary, *Oregon Sentencing Guidelines Implementation Manual* 137 (1989), there is no authority for a sentencing court to omit a supervision provision entirely.

■ The court had a statutory duty to pass sentence in accordance with the guidelines. ORS 137.010(1). A judgment of conviction must include both the term of incarceration *and* the term of post-prison supervision. OAR 253-05-005. The original judgment did not do so. It clearly sentenced defendant to prison as a dispositional departure but omitted post-prison supervision. The sentence was not in conformity with the governing statute, and the trial court had the authority to amend it and enter a valid sentence. *See State v. Leathers*, *supra*, 271 Or at 241.

■ Defendant appears to concede that the omission of the post-prison term of supervision was a clerical error and that, under pre-guidelines cases, the sentencing court would have had authority to correct the error. *See, e.g., State v. Bryant*, 93 Or App 313, 761 P2d 1361 (1988). He argues that ORS 138.083 now limits that authority so that any correction must occur, if it occurs at all, within 60 days of the entry of the judgment:

> "The sentencing court shall retain authority irrespective of any notice of appeal for 60 days after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors."

ORS 138.083 does not apply to defendant's case. No appeal was taken. Furthermore, nothing in the statute provides that it is the exclusive authority for corrections to be made. The statute permits a trial court to act on specific

issues, even though jurisdiction is in an appellate court. *See* ORS 138.071. We agree with the state that ORS 138.083 is not a limitation, but is an expansion of trial courts' authority to correct clerical errors.

Affirmed.