# STATE OF OREGON,
*Respondent,*

*v.*

# RANDALL SCOTT EICKHOFF,
*Appellant.*

## (93CR0033; CA A81688)

883 P2d 240

Stephen J. Williams, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Pursuant to a plea agreement, defendant pled guilty to six charges in return for dismissal of two counts of attempted murder. The parties expressly agreed that the court would impose the five-year firearm minimum sentence under ORS 161.610(4)(a). The court pre-approved that portion of the parties' agreement and entered judgment which, *inter alia,* imposed a 60-month prison sentence with no term of post-prison supervision for defendant's conviction for unlawful use of a weapon.

Defendant did not appeal that judgment, which was entered on March 16, 1993. On March 22, the court entered an amended judgment that reaffirmed that the unlawful use of a weapon sentence did not include a term of post-prison supervision. Again defendant did not appeal, and neither did the state. On September 29, the case was again before the court based on a letter from the Department of Corrections noting that the court had not imposed a term of post-prison supervision on the conviction for unlawful use of a weapon. As a result of that hearing, the court entered a second amended judgment on October 5 adding a 24-month term of post-prison supervision to the sentence.

Defendant's appeal is from that second amended judgment which, he contends, erroneously imposed the post-prison term. The state argues that ORS 138.222(2)(d)[1] precludes review, because defendant's sentence was imposed pursuant to a plea agreement. *State v. Adams,* 315 Or 359, 847 P2d 397 (1993). In the alternative it contends that, if we decide that we may review defendant's argument, the trial court did not err.

■   ORS 138.222(2)(d) does not preclude review of the sentence here. The sentence which resulted from the parties' agreement was imposed on March 16, and clarified in an amended judgment on March 22. Neither party appealed. The second amended judgment did not result from the parties'

---

[1] Our references to ORS 138.222(2)(d) are to the version in effect before the 1993 legislature amended the statute. The effective date of the amendment was after judgment was entered in this case.

agreement, but was entered because the Department of Corrections contacted the trial court. The first amended judgment made clear that the court's omission of a term of post-prison supervision in the original judgment was intentional. The second amended judgment was not one that corrected a clerical error in the original judgment. ORS 138.083; *see State v. Pinkowsky*, 111 Or App 166, 826 P2d 10 (1992). We conclude that the judgment is reviewable. ORS 138.222(4)(a).

**2.** We turn to defendant's assignment of error. The only objection defense counsel made at the hearing was on the ground that the court had already imposed the maximum prison sentence authorized for the conviction by ORS 161.605(3). On appeal, defendant does not argue that the court lacked authority to amend the judgment because he had already started serving his sentence. *See State ex rel O'Leary v. Jacobs*, 295 Or 632, 669 P2d 1128. He contends that the court's modification of the sentence violates OAR 253-05-002(4).

Defendant did not make that argument to the trial court. He did not cite OAR 253-05-002(4) or distinguish *State v. Little*, 116 Or App 322, 842 P2d 414 (1992). Defendant has not preserved his argument in a posture for appellate review. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991); *State v. Guzman*, 121 Or App 673, 855 P2d 1140 (1993).

Affirmed.