Argued and submitted September 23, affirmed December 4, 1996, petition for review denied February 18, 1997 (324 Or 654)

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT BRENT PARKER,
*Appellant.*

## (C9505-33548; CA A90787)

929 P2d 327

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L.

Linder, Solicitor General, and Eleanor E. Wallace, Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals his conviction and sentence for robbery in the first degree. He attacks the 90-month mandatory minimum sentence that he received under Measure 11, which the voters adopted at the 1994 general election.[1] Or Laws 1995, ch 2, *codified at* ORS 137.700 (amended by Or Laws 1995, ch 421, § 1; Or Laws 1995, ch 422, § 47). Under the sentencing guidelines, the presumptive sentence would have been in a range of 61 to 65 months. We affirm.

■ We considered and rejected defendant's arguments that Measure 11 violated the separation of powers provisions of Article III, section 1, of the Oregon Constitution and the reformation requirement of Article I, section 15, in *State v. Lawler*, 144 Or App 456, 927 P2d 99 (1996), and *State v. Jackson/Hoang*, 145 Or App 27, 929 P2d 323 (1996). We limit our discussion in this case to defendant's arguments that Measure 11 denied defendant his constitutional rights of allocution and of representation by counsel at sentencing.

A convicted defendant has a right under Article I, section 11, of the Oregon Constitution to address the court before sentencing. The traditional term for this right is the "right of allocution." *DeAngelo v. Schiedler*, 306 Or 91, 757 P2d 1355 (1988). The right originated as an opportunity for the defendant to state any legal reason that the court should not pass sentence. Under the common law, where the right originated, the court had little or no discretion as to the nature of the sentence for a felony; the right, thus, originally involved an opportunity to raise legal issues, essentially in arrest of judgment. *See DeAngelo*, 306 Or at 93 n 1; Note, *Procedural Due Process at Judicial Sentencing for Felony*, 81 Harv L Rev 821, 832-33 (1968). In Oregon, as in many American jurisdictions, allocution now includes "the right to make any statements relevant to existing sentencing and parole practices." It has thus extended beyond purely legal issues to encompass anything that the defendant may wish to say in mitigation of the offense. *DeAngelo*, 306 Or at 95.

---

[1] We discussed the terms of Measure 11 in *State v. Lawler*, 144 Or App 456, 927 P2d 99 (1996), and *State v. Jackson/Hoang*, 145 Or App 27, 929 P2d 323 (1996), and will not repeat that discussion here.

Defendant does not assert that the trial court denied him the opportunity to make whatever statement he wished to make; it expressly gave him that opportunity. Rather, he argues that Measure 11, by denying the trial court the power to impose a sentence less than the mandatory minimum, has made the right to allocution ineffective. Whatever arguments in mitigation defendant may be able to present, the court must still impose the sentence that Measure 11 requires. The heart of his argument is, in effect, that the right of allocution is denied unless the court has authority to grant the mitigation that the defendant seeks.

■ In *DeAngelo*, the Supreme Court stated that the right of allocution included the right to make a statement that was relevant to *"existing* sentencing and parole practices." 306 Or at 95 (emphasis supplied). It discussed the aggravating and mitigating circumstances that Oregon law, as it then existed, required a trial court to consider before imposing sentence. It did not suggest that the right of allocution included a right to any particular range of sentences or to the consideration of any particular sentencing factors; rather, the right provides an opportunity to address whatever factors the substantive law makes relevant. When the substantive law, like Measure 11, gives the sentencing court little or no discretion, there may be less for the defendant to say, but that is not a denial of the right. Indeed, when the right first arose a trial court had almost no sentencing discretion for felonies and the sole purpose of the statement was to interpose a legal objection to the passing of sentence. *See* Note, above, 81 Harv L Rev at 821 n 2 and 832-33.

The underlying theme of defendant's argument is that Measure 11's mandatory minimum sentences prevent the trial court from sentencing him as an individual. He argues that "individual sentencing is required by the proportionality provision of Article I, section 16, of the Oregon Constitution" and that, "whenever Measure 11 violates a defendant's right of allocution, it simultaneously violates the defendant's right to proportional sentencing under Article I, section 16." Defendant does not directly raise any issues under Article I, section 16, and his attempt to pull a proportionality argument by its bootstraps into the right of allocution fails. Defendant's right to allocution cannot modify the

trial court's statutory sentencing authority. His right to be heard does not create a right to be heeded.

Defendant's argument that Measure 11 denies him effective assistance of counsel at sentencing is based on premises that are similar to those for his argument on the right of allocution. We reject it for similar reasons.

Affirmed.