Argued and submitted December 23, 1997, reversed and remanded with instructions February 10, 1999

**STATE OF OREGON,**
*Appellant,*

*v.*

**BRANDON SCOTT HAMILTON,**
*Respondent.*

(95-0730; CA A92684)

974 P2d 245

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Irene B. Taylor, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

Armstrong, J., concurring.

## EDMONDS, J.

The state appeals from a judgment imposing sentence under the sentencing guidelines on two counts of second-degree robbery. ORS 164.405. The sentencing court vacated the original judgment that had imposed the 70-month minimum sentences mandated by Measure 11 and imposed instead 12-month sentences under the guidelines.[1] The state argues that the court had no authority to vacate the original judgment and to resentence defendant at a time when defendant was serving the sentences under the jurisdiction of the Oregon Corrections Division and had an appeal pending before this court. We agree and remand to the trial court.

Defendant was convicted of two counts of second-degree robbery based on crimes that he committed after the effective date of Measure 11. Measure 11, now codified in part as ORS 137.707(4)(a)(R), mandates a minimum sentence of 70 months for second-degree robbery. In November 1995, the court sentenced defendant in accordance with Measure 11, and defendant immediately commenced service of those sentences with the Corrections Division. Thereafter, a written judgment reflecting the sentences was entered. Defendant appealed from that judgment, but, while his appeal was pending, the sentencing court vacated the original judgment and resentenced him in March 1996.[2] The state appeals from the resulting judgment.

We agree with the state's argument that the purported modification of the sentences in March 1996 is a legal nullity because the "trial court lacks the authority to modify

---

[1] The sentencing court ruled that Measure 11 was unconstitutional. After the sentencing court vacated the Measure 11 sentences, the Supreme Court upheld the constitutionality of Measure 11 on certain grounds in *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* _____ US _____ , 118 S Ct 557, 139 L Ed 2d 399 (1997). We have also rejected challenges against Measure 11 in *State v. Ferman-Velasco*, 157 Or App 415, 971 P2d 897 (1998); *State v. Skelton*, 153 Or App 580, 589 nn 8-9, 957 P2d 585, *rev den* 327 Or 448 (1998); *State v. George*, 146 Or App 449, 934 P2d 474 (1997); *State v. Lawler*, 144 Or App 456, 927 P2d 99 (1996), *rev den* 326 Or 390 (1998), and *State v. Parker*, 145 Or App 35, 929 P2d 327 (1996), *rev den* 324 Or 654 (1997).

[2] Defendant's appeal was subsequently dismissed.

a sentence once the defendant has started serving the sentence." *State v. Perry*, 140 Or App 18, 22, 914 P2d 29 (1996).[3] ORS 137.010 *et seq*. defines the jurisdiction of the trial court to impose sentence and when that jurisdiction ends.[4] Under ORS 137.320(1),[5] the jurisdiction of the sentencing court ends when the sheriff delivers the convicted person to the Corrections Division. *See State v. Highland*, 28 Or App 251, 558 P2d 1298 (1977) (reasoning that once the defendant began serving a sentence, the trial court lost jurisdiction to affect the sentence in any manner). In addition, once defendant appealed under the existing law, the sentencing court lost

---

[3] The concurrence asserts that "[a] trial court's power to modify a sentence ends when that sentence has been executed by delivering a defendant to the custody of ODOC or a local authority pursuant to a *valid* sentence." 158 Or App at 262-63 (emphasis in original). It cites *O'Leary*, 295 Or 632, and *State v. DeCamp*, 158 Or App 238, 973 P2d 922 (1999), as support for that proposition. In *O'Leary*, the defendant was sentenced and placed in the custody of the Corrections Division. He then appealed and was released during the pendency of that appeal. After exhausting his appeal rights, the defendant surrendered to the circuit court for recommitment and moved the trial court to reconsider his sentence. The trial court suspended the sentence and placed the defendant on probation. Thus, the issue in *O'Leary* was whether the defendant's appeal and release "operated *nunc pro tunc* to void delivery to the custody of the Corrections Division" such that "the court retained authority to grant probation." 295 Or at 635. In *DeCamp*, the issue was "whether the sentence on the failure to appear conviction was 'executed' because [the parties] disagree[d] on which of the [defendant's] two sentences was to be served consecutive to the other." 158 Or App at 243 (1999). Thus, because the validity of the sentence was not at issue in *O'Leary* and *DeCamp*, those cases do not stand for the proposition that execution of a sentence depends on the delivery of a defendant to ODOC pursuant to a valid sentence.

[4] For example, ORS 137.010(6) provides:

"The power of the judge of any court to suspend execution of any part of a sentence or to sentence any person convicted of a crime to probation shall continue until the person is delivered to the custody of the Department of Corrections."

In *State ex rel O'Leary v. Jacobs*, 295 Or 632, 637, 669 P2d 1128 (1983), the Supreme Court reasoned that, once the defendant was delivered to the Corrections Division according to ORS 137.320(1), "[h]is sentence was, therefore, executed, and he was * * * within the purview of ORS 137.010(4)," the language of which is similar to what is now codified as ORS 137.010(6).

[5] ORS 137.320(1) provides, in part:

"When a judgment includes commitment to the legal and physical custody of the Department of Corrections, the sheriff shall deliver the defendant, together with a copy of the entry of judgment and a statement signed by the sheriff of the number of days the defendant was imprisoned prior to delivery, to the superintendent of the Department of Corrections institution to which the defendant is initially assigned pursuant to ORS 137.124."

jurisdiction except for purposes of ORS 138.083.[6] *See State v. Stevens*, 134 Or App 1, 894 P2d 1217 (1995); *State v. Pinkowsky*, 111 Or App 166, 826 P2d 10 (1992). The statutes contemplate resentencing only if the sentencing court reacquires jurisdiction as a result of the vacation of the original judgment by the court that has jurisdiction (*e.g.*, an appellate court, a court in which habeas corpus writ is issued under ORS 34.310 *et seq.* or a post-conviction relief court under ORS 138.510 *et seq.*). *See State ex rel Gladden v. Kelly*, 213 Or 197, 324 P2d 486 (1958).

Consequently, the March 1996 guidelines sentences are legal nullities; that is, they were sentences imposed at a time when the sentencing court did not have jurisdiction over defendant. On remand, the court is to vacate the judgment reflecting those sentences and reinstate the original judgment.[7]

Reversed and remanded for vacation of amended judgment and reinstatement of original judgment.

**ARMSTRONG, J.,** concurring.

Although I agree with the result in this case, I write separately because I disagree with the reasoning by which the majority has reached it. The majority holds that the trial court had no authority to correct defendant's sentence because the court lost jurisdiction once defendant had been delivered to the custody of the Oregon Department of Corrections (ODOC) to begin serving his sentence. I disagree.

A trial court's power to modify a sentence ends when that sentence has been executed by delivering a defendant to

---

[6] Under ORS 138.083, the sentencing court retains authority to correct clerical errors and to modify an erroneous term in the judgment. *See* Or Laws 1997, ch 852, §§ 5, 7, and 7a.

[7] The concurrence would hold that, if the sentencing court believes a sentence to be invalid, albeit incorrectly, it has the inherent authority to set aside its judgment. To the contrary, a trial court's authority to sentence to the Corrections Division is circumscribed by statute, and it retains no inherent authority to modify a sentence after it loses jurisdiction. *State v. Cotton*, 240 Or 252, 400 P2d 1022 (1965), and *State v. Leathers*, 271 Or 236, 531 P2d 901 (1975), relied on by the concurrence are inapposite because they concern county jail sentences and not commitments to the Corrections Division.

the custody of ODOC or a local authority pursuant to a *valid* sentence. *State ex rel O'Leary v. Jacobs*, 295 Or 632, 634-36, 669 P2d 1128 (1983); *see also State v. DeCamp*, 158 Or App 238, 973 P2d 922 (1999). A valid sentence, in turn, is a sentence that the court has statutory authority to impose. *State v. Leathers*, 271 Or 236, 240, 531 P2d 901 (1975); *see also State v. Cotton*, 240 Or 252, 400 P2d 1022 (1965) (sentencing court had duty to vacate invalid sentence and impose valid sentence even though defendant had begun serving sentence). A court imposing punishment for a criminal offense is strictly limited to the provisions of the applicable statute, and any deviation from the statute in the extent of punishment renders the judgment void. *Cotton*, 240 Or at 254. If a court concludes that it imposed an unlawful sentence, then, under *Leathers* and *Cotton*, it has authority to correct the error by vacating the original sentence and imposing a lawful sentence, even though the defendant has begun serving the original sentence.

The majority states in a footnote that the rule in *Leathers* and *Cotton* does not apply to this case, because those cases involved county jail sentences. As I have noted above, the court in *O'Leary* clearly stated that under *former* ORS 137.010(4), *renumbered by* Or Laws 1989, ch 849, § 1, the language of which is substantially the same as ORS 137.010(6), on which the majority relies, the trial court's power to modify a sentence ends only when the defendant has begun to serve a *valid* sentence. Nor can I find anything in ORS 137.320, the statute governing a defendant's commitment to ODOC, or ORS 137.330, governing commitments to county jails, to indicate that the court's authority to correct an invalid sentence depends on whether the defendant has been committed to the county jail or to ODOC.

The relevant inquiry is whether the sentence is valid. Whether the sentence commits a defendant to a county jail or to ODOC is simply of no import. In other words, if a sentence is invalid, the trial court has the authority under the common law to correct the sentence *regardless* of where the defendant has begun serving it. Furthermore, the authority of a court to act to modify an executed sentence does not

turn on whether the court is correct in its belief that the original sentence is unlawful. It has authority to act if it *believes* that the original sentence is unlawful.[1] If it turns out that the court is wrong in that belief, then that error can be corrected on appeal from the judgment imposing the second sentence by vacating that judgment and reinstating the first.

Because the trial court had concluded that the mandatory sentencing provisions of Measure 11 were unconstitutional, it had the authority to correct the original sentence that it had imposed under Measure 11. If the trial court's conclusion about the validity of Measure 11 were correct, then the second judgment would be a valid judgment notwithstanding the fact that defendant had begun to serve the sentence imposed by the original judgment. *Cotton*, 240 Or at 254.[2] The fact that the provisions of Measure 11 that Judge Morgan concluded were unconstitutional have since been declared constitutional, *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* ___ US ___ , 118 S Ct 557, 139 L Ed 2d 399 (1997), does not mean that the court did not have authority to act at the time it did but, rather, means only that the court erred in its initial conclusion that the original sentence was invalid. The appropriate disposition on appeal, then, is to vacate the second sentence and to remand for reinstatement of the original, Measure 11, sentence.

Although I have concluded that the trial court had common-law authority to vacate a sentence that it believed to be unlawful, I also address the state's alternative argument against that action, because that argument also raises a jurisdictional challenge to the court's authority to vacate the

---

[1] The operative term here is *unlawful*. The trial court does not have the authority to change an executed sentence that it knows to be valid simply because it later concludes that there is a better and more appropriate sentence.

[2] The state argues that, even if the court lacked authority under Measure 11 to impose the original sentence of 70 months' imprisonment on each count, that sentence was nonetheless valid because a 70-month term is well within the maximum 10-year sentence authorized by law for a Class B felony. That argument is not well-taken. Once it has been established that the court's sentencing authority is controlled by the sentencing guidelines, the court must make certain calculations to reach a sentence under them. If the court chooses to depart from the presumptive sentence under the guidelines, the court must articulate why it has departed. Even if I were to agree that the guidelines might allow for a 70-month sentence for second-degree robbery, the sentence in this case nonetheless would be invalid because the court did not apply the required guidelines analysis.

original sentence. The state contends that, because defendant had appealed the judgment that imposed the original sentence, and that appeal was pending when the court vacated the judgment, the court lacked jurisdiction to vacate the judgment. ORS 19.270(1). Defendant responds that the trial court had authority under ORS 138.083 to enter an amended judgment while an appeal from the original judgment was pending.

ORS 138.083 provides:

"The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors *or to delete or modify any erroneous term in the judgment*. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties. If a sentencing court enters an amended judgment under this section, the court shall immediately forward a copy of the amended judgment to the appellate court. Any modification of the appeal necessitated by the amended judgment shall be pursuant to an appropriate order by the appellate court."

(Emphasis added.) The operative statutory language in this case is "to delete or modify any erroneous term in the judgment." Defendant argues that the 70-month sentences were "erroneous terms" because they were based on a mandatory sentencing scheme that the court had concluded was unconstitutional.

Again, the issue turns on the court's understanding of the lawfulness of the original sentence. ORS 138.083 applies to those sentences that are erroneous because they exceed the maximum limits or fail to meet the minimum limits allowed or required by law. *See, e.g., State v. Graham*, 143 Or App 85, 88, 923 P2d 664 (1996) (post-prison supervision term that exceeded maximum allowable under *former* OAR 253-05-002(2)(a) is within sentencing court's authority to modify under ORS 138.083). *See also State v. Arellano*, 149 Or App 86, 93, 941 P2d 1089 (1997). As I have already concluded, the court believed that the original sentence was invalid because it had been imposed under a sentencing scheme that the court had determined to be unconstitutional before it entered its original judgment in this case. To the

court, that understanding meant that the sentence imposed in the original judgment was erroneous, because it exceeded the presumptive sentence under the guidelines, with no accompanying explanation by the court for such a departure.[3] The fact that the court was wrong in concluding that the original sentence was invalid was, as under the common law, merely error, correctable on appeal by vacating the second sentence and reimposing the first. In other words, the court had jurisdiction under ORS 138.083 to vacate the original judgment to correct an erroneous term even though it was wrong in its belief that the judgment contained an erroneous term.

I conclude, therefore, that the court acted within its common-law and statutory authority when it vacated the original judgment that it believed to be unlawful and resentenced defendant. I further conclude, however, that the court erred in determining that the original sentence was unlawful. Accordingly, the proper disposition of this case is to vacate the amended judgment and reinstate the original judgment.

---

[3] The state's argument that ORS 138.083 does not apply because, by resentencing defendant, the court did more than modify the judgment is not well taken— in cases in which courts must correct an erroneous term it may be necessary to resentence the defendant to make the required correction.