Argued and submitted November 29, 1999, affirmed June 28, 2000

STATE OF OREGON,
*Respondent,*

*v.*

TERRELL TROY HORSLEY,
*Appellant.*

(9508-36545; CA A102921)

7 P3d 646

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals an amended judgment of conviction on one count of robbery in the second degree. He challenges the trial court's authority to amend the judgment to add a term of post-prison supervision to his sentence. We affirm.

The relevant facts are not in dispute. Defendant was convicted for a crime that he committed in August 1995. The trial court imposed a sentence of 70 months' imprisonment, pursuant to Ballot Measure 11 (1994), codified at ORS 137.700(2)(a)(R). Although the applicable sentencing guidelines require a term of post-prison supervision on a conviction for second-degree robbery, the court neglected to impose any term of post-prison supervision. OAR 213-005-0002; *State v. Lewis*, 150 Or App 257, 945 P2d 661 (1997). Defendant appealed the conviction, and this court affirmed from the bench. *State v. Horsley*, 148 Or App 273, 939 P2d 172 (1997).

The state then moved to amend the judgment to add the omitted term of post-prison supervision that is required by law. Defendant opposed the motion arguing that the court lacked the authority to amend his sentence once it had been executed. The trial court concluded that the omission of the term of post-prison supervision was an error of law that required correction.

■■ On appeal, defendant argues that the trial court erred in concluding that it had authority to correct the judgment. Defendant concedes that the sentence that the trial court originally imposed was legally incorrect. According to defendant, the trial court has no authority to alter a sentence once it is executed. However, that is true only for sentences that are in accordance with the pertinent sentencing statutes. Sentences that violate the statutes lack valid sentencing authority, ORS 137.010(1), and the trial court may modify them as necessary. *See State v. Leathers*, 271 Or 236, 240-41, 531 P2d 901 (1975) (stating that an invalid sentence does not divest the trial court of jurisdiction); *State v. Cotton*, 240 Or 252, 254, 400 P2d 1022 (1965) (holding that the defendant's original sentence was void because it violated the sentencing statutes); *State v. Pinkowski*, 111 Or App 166, 169,

826 P2d 10 (1992) (holding that the trial court retained authority to modify a sentence to impose a missing, but required, term of post-prison supervision).

The defendant argues that this case should be controlled by *State v. Hamilton,* 158 Or App 258, 974 P2d 245 (1999), *rev den* 329 Or 318, in which we overturned a trial court's attempt to change a sentence once the defendant began serving it. In *Hamilton,* the trial court initially imposed a sentence in accordance with Measure 11. Approximately four months after the defendant had begun serving his sentence, the trial court determined Measure 11 to be unconstitutional and resentenced the defendant under the pre-Measure 11 sentencing guidelines. The state appealed, and we reversed, stating that the trial court lost jurisdiction once the defendant began serving his sentence. Contrary to defendant's contentions, *Hamilton* is distinguishable from this case.

■,■. A trial court has a duty to pass sentence in accordance with the pertinent sentencing statutes, ORS 137.010(1), and a sentence's validity is determined solely by how well it comports with those statutes. *See Cotton,* 240 Or at 254 ("The court in imposing punishment for a criminal offense is limited strictly to the provisions of the applicable statute, and any deviation from the statute in the mode, extent or place of punishment renders the judgment void."). Although a sentencing court may take issue with the governing statutes, it is not free to ignore them.

■. In *Hamilton,* the trial court initially imposed a sentence in accordance with the sentencing statutes but later changed the sentence because it believed that the sentencing statutes were unconstitutional. In other words, the trial court changed a valid sentence. The trial court could not do that because, as mentioned above, once a valid sentence is executed it is beyond the trial court's authority to modify. In this case, on the other hand, the initial sentence was not in accordance with the appropriate sentencing statutes and, thus, was invalid. The trial court had, "in fact, failed to pronounce any sentence" and retained authority to impose one. *Leathers,* 271 Or at 241 (quoting *State v. Nelson,* 246 Or 321, 324, 424 P2d 223 (1967)).

Defendant insists that, in *Hamilton*, we held that trial courts retain inherent authority to correct only a county jail sentence. He is correct that, in *Hamilton*, we observed that cases such as *Cotton* and *Leathers*, which recognize the inherent authority of trial courts to correct a legally erroneous sentence, "concern county jail sentences and not commitments to the Corrections Division." *Hamilton*, 158 Or App at 262 n 7. The fact that those cases happened to concern county jail sentences, however, does not mean that the trial court's authority necessarily is limited to correcting erroneous county jail sentences. Thus, to the extent that the *dictum* in *Hamilton* fairly may be read to imply such a limitation on the authority of trial courts to correct legally erroneous sentences generally, we disavow it.

Defendant argues that ORS 138.083(1) acts to limit that authority to the pendency of an appeal. He is mistaken. ORS 138.083(1) provides:

> "The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties. If a sentencing court enters an amended judgment under this section, the court shall immediately forward a copy of the amended judgment to the appellate court. Any modification of the appeal necessitated by the amended judgment shall be made in the manner specified by rules adopted by the appellate court."

That statute merely allows the trial court to "retain" its inherent authority to correct an erroneous sentence "irrespective of any notice of appeal." "Irrespective of" means "without respect or regard to: independent or regardless of." *Webster's Third New Int'l Dictionary*, 1196 (unabridged ed 1993). That means that the trial court's authority is retained *regardless* of whether a notice of appeal has been filed. The point of the statute is that the filing of a notice of appeal does not deprive the trial court of authority to modify the judgment. Nothing in the statute affirmatively limits the trial court's authority to the duration of the appeal.

We therefore conclude that the trial court possessed authority to modify the erroneous term in the judgment.

Affirmed.