**Manuel Tejeda ALVAREZ, Plaintiff–Appellant,**

v.

**Sharon BLACKETTER, Respondent–Appellee.**

No. 06–35720.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2007 *.

Filed May 11, 2007.

Steven T. Wax, Federal Public Defender's Office, Portland, OR, for Plaintiff–Appellant.

Youlee Yim You, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: LEAVY, RYMER, and BEA, Circuit Judges.

## MEMORANDUM **

Manuel Tejeda Alvarez petitions for review of the district court's order dismissing Alvarez's petition for writ of habeas corpus. Alvarez asserts he received inef-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fective assistance of counsel because his attorney on appeal failed to advise Alvarez that by pursuing his appeal he risked receiving a higher sentence. We have jurisdiction under 28 U.S.C. § 2253, and we affirm. Because the parties are familiar with the facts, we do not recite them here.

Even if Alvarez's attorney failed properly to advise Alvarez about the likely consequences of his appeal, Alvarez cannot demonstrate prejudice. Alvarez's original sentence of 55 months was unlawful; under Ballot Measure 11, Alvarez's mandatory minimum sentence was 90 months. Under Oregon Revised Statute § 138.083(1), the trial court retains authority to correct an erroneous sentence "irrespective of any notice of appeal." *See also State v. Horsley,* 168 Or.App. 559, 7 P.3d 646, 647 (2000) ("Sentences that violate the statutes lack valid sentencing authority and the trial court may modify them as necessary.") (internal citations omitted).

Further, the Supreme Court held in *Lockhart v. Fretwell* that "a defendant has no entitlement to the luck of a lawless decisionmaker." 506 U.S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). As a matter of law, prejudice cannot be shown "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372, 113 S.Ct. 838. Alvarez had no right to avoid the mandatory minimum sentence required by Ballot Measure 11, and therefore cannot demonstrate prejudice.

**AFFIRMED.**