Argued August 18, reversed and remanded September 19, 1977

# STATE OF OREGON, *Appellant,*
## *v.*
# ELMER R. FAULKNER, *Respondent.*
## (No. T 45637, CA 8419)
### 568 P2d 714

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Robert S. Gardner, Corvallis, argued the cause for respondent. With him on the brief was Ringo, Walton & Eves, P.C., Corvallis.

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The state appeals an order dismissing a uniform traffic complaint charging the defendant with the crime of Driving Under the Influence of Intoxicants, ORS 487.540. By the operation of ORS 484.365, the offense charged was a Class A misdemeanor.

Defendant was charged with the same offense in a prior traffic complaint. Prior to trial on the first complaint defendant moved to suppress the results of a breathalyzer examination given by the arresting officer. The motion to suppress was allowed after hearing. The deputy district attorney then advised the court the state was not ready to proceed since he wished to determine if the order allowing the motion to suppress would be appealed. On motion of the defendant the court dismissed the complaint.

The oral order of dismissal and the written order prepared by defendant and later signed by the court did not indicate the dismissal was a judgment of acquittal or contain any other indication the dismissal was intended as a bar to further action on this crime. Subsequently the state filed a new uniform traffic complaint charging the same offense. Dismissal of this latter complaint is the subject of this appeal. The state contends since the charge is a Class A misdemeanor dismissal was not a bar to another action under ORS 136.130. The defendant contends the court intended the dismissal to be a judgment of acquittal which does bar the second complaint.

The applicable statutes are as follows:

ORS 136.120:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

[ 1029 ]

ORS 136.130:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

By the plain unambiguous wording of ORS 136.130 dismissal is not a bar to a subsequent action on the same crime *unless* the court so directs. This requires an order by the court indicating in some fashion the intent of the court that the state is barred from proceeding further respecting the charge.[1] Since dismissal of the accusatory instrument, by the terms of the statute, does not preclude refiling the charge, some expression beyond mere dismissal is required to disclose this intent.

The written order prepared by the defendant and signed by the court dismissing the second complaint recited:

"That the court order dismissing the [first complaint] at the hearing heard on January 11, 1977, was intended by the court to be a bar to another action for the same crime."

If this provision of the second order was intended as an interpretation of the dismissal in the first order it is contrary to law. Dismissal without more does not bar another action on the same crime. If, however, it is intended as an amendment or modification of the first order it is insufficient to accomplish that result.[2] To hold otherwise would allow the court by subsequent

---

[1] Such an order may not be arbitrary; it must be a reasoned exercise of judicial discretion. We do not here deal with the reasons which would be required to support a valid order in this case.

[2] We are not presented with a situation where a court has amended or replaced an order or issued an order *nunc pro tunc.* It is then unnecessary to decide if this procedure would have been permissible in this situation.

interpretation to deprive the state of a right of appeal. The first order remains in the same form as issued. It is the only order of dismissal of the first complaint and by its terms does not bar refiling of the charge. The order dismissing the second complaint was improper.

Reversed and remanded.