Argued and submitted August 30, reversed and remanded with instructions to enter order sustaining demurrer December 4, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# GUILLERMO RUBIO-LANDA,
*Appellant.*

(90CR0105; CA A66093)

820 P2d 467

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions for delivery and possession of a controlled substance. ORS 475.992. The indictment charged, in addition to possession and delivery, that the crimes "occurred as part of a drug cultivation, manufacture, or delivery scheme or network" under OAR chapter 253, division 4, appendix 4. Defendant filed a demurrer, asserting, in part, that the "scheme or network" language is vague and in violation of the Oregon Constitution, Article I, section 20. In *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76 (1991), we held that the "scheme or network" language is vague, in violation of Article I, sections 20 and 21 of the Oregon Constitution. The state concedes that *Moeller* is controlling and requires the conclusion that the trial court erred in overruling defendant's demurrer.

Defendant also filed a motion to suppress. Because the demurrer should have been sustained, the case should not have gone to trial, rendering that motion moot. *See State v. Andrade-Torres*, 109 Or App 153, 817 P2d 296 (1991).

Reversed and remanded with instructions to enter order sustaining demurrer.