Argued and submitted October 16, affirmed December 26, 1991, reconsideration denied April 15, petition for review denied May 26, 1992 (313 Or 300)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES TAYLOR RATHBONE, III,
*Appellant.*

## (90-CR-0603; CA A68792)

823 P2d 432

Michael D. Jeske, Grants Pass, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Pursuant to a plea agreement, defendant pled guilty to five counts of delivery of a controlled substance as part of a drug manufacture or delivery scheme or network, ORS 475.992; conspiracy to deliver a controlled substance as part of a drug manufacture or delivery scheme or network, ORS 475.992; six counts of possession of a controlled substance as part of a drug manufacture or delivery scheme or network, ORS 475.992; racketeering, ORS 166.720; and perjury. ORS 162.065. He challenges his sentences. We affirm.

■    The facts are set out in *State v. Rathbone I*, 110 Or App 414, 823 P2d 430 (1991). For the reasons set out in that opinion, we may not review defendant's claim regarding his sentences for the drug delivery convictions. In this appeal, defendant also challenges the ranking of his conviction for racketeering as category 9. Under the plea agreement, defendant's presumptive sentence on the drug delivery charges was the direct result of his plea to those charges. However, because the racketeering charge is unranked, his guilty plea to that charge did not automatically establish a presumptive sentence. We conclude that we may review his claim under ORS 138.222(4)(b), which provides for review in any appeal of a claim that "[t]he sentencing court erred in ranking the crime seriousness of the current crime * * *."

■    Under the sentencing guidelines, racketeering is an unranked offense on the crime seriousness scale and is sentenced according to OAR 253-04-004:

> "Except for ORS 163.095-163.105 Aggravated Murder, when a person is convicted of any other felony or crime punishable by state imprisonment which is omitted from the Crime Seriousness Scale, *the sentencing judge shall determine the appropriate crime category* for the current crime of conviction and shall state on the record the reasons for the offense classification." (Emphasis supplied.)

Under that rule, it is clear that the sentencing court has the discretion to determine the seriousness of an unranked

offense.[1] Our review under ORS 138.222(4)(b) is limited to whether the court's reasons are stated on the record and whether those reasons reflect a proper exercise of the court's discretion.

■    Defendant does not claim that the record does not satisfy the requirements of OAR 253-04-004. Rather, he contends that the reasons given, *i.e.*, the number of predicate offenses and defendant's "potential for violence," do not support the court's crime seriousness classification in the light of the criteria provided in the commentary. *See* n 1, *supra*. He argues that it is inappropriate to classify a racketeering conviction more severely than the predicate offenses and that crimes actually classified as category 9 are "person felonies." He argues that, even though he was in possession of firearms, he had never used them in committing a crime and so no person felonies were involved.

■    The rule does not prohibit ranking a racketeering conviction higher than the predicate offense. By pleading guilty, defendant admitted the material allegations of the racketeering count, which alleged 12 separate category 8 predicate drug offenses and a category 6 perjury offense. The sentencing court concluded that defendant had sold narcotics while under the influence of drugs and while in possession of loaded firearms. Given those conditions, it noted that the lack of a violent act was merely "fortuitous." The sentencing court provided its reasons for classifying defendant's racketeering conviction as category 9. We find no abuse of discretion.

        Affirmed.

---

[1] The commentary to OAR 253-04-004 says that racketeering "is unranked because the seriousness of the offense is associated with an underlying crime, that should in most cases determine the crime seriousness of the racketeering offense." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 14 (1989). The commentary refers to the commentary to OAR 253-04-002 for help in classifying an unranked offense. The latter commentary, in turn, says, in part:

    "Rule 1. The primary factor in ranking crime seriousness is the harm or threat of harm to the societal interest the legislature intended to protect by making the particular conduct a crime.

    "Rule 2. The three primary societal interests are in order of importance:

    "(a) Protecting the individual from personal assault.

    "(b) Protecting individual rights to property.

    "(c) Protecting the integrity of governmental institutions."

Commentary, *Oregon Sentencing Guidelines Implementation Manual* 12 (1989).