Argued and submitted October 23, 1991, reversed and remanded for new trial January 8, Adams's petition for reconsideration and State's petition for reconsideration denied April 15, both petitions for review pending 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY SCOTT ADAMS,
*Appellant.*

(90-1081; CA A66738)

823 P2d 992

Irene B. Taylor, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Cynthia A. Forbes, Assistant Attorney General, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant challenges the sentence imposed after he entered a plea of no contest and was convicted of manslaughter. ORS 163.118.

Defendant was charged with murder after killing the victim with a shotgun. He entered into a stipulation with the state whereby he agreed to plead no contest to the lesser charge of manslaughter in the first degree. The trial court was advised that defendant's criminal history contained "four non-person type convictions," which gave him a classification of G on the criminal history scale. OAR 253-04-006. On a conviction of murder, defendant's grid block would have been 11 G; on a conviction of manslaughter, the parties agree, the correct grid block would have been 10 G. However, they stipulated to a sentence of 84 months, which is in the presumptive range for grid block 10 E.[1] Defendant argues that the court could not impose that sentence without making findings that would constitute substantial and compelling reasons to impose a departure sentence and that those findings were not made.

■    The state argues that we cannot review defendant's claim. ORS 138.222(2)(d) provides:

"On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"* * * * *

"(d)  Any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record."

That provision appears to deny review of any sentence imposed pursuant to a stipulation. However, defendant's claim is that, in accepting the agreement and sentencing defendant according to it, the sentencing court failed to comply with the requirements of ORS 135.407 and the applicable sentencing guidelines rules. *See* OAR 253-07-002; OAR 253-07-003. That is a claim of error within the scope of our

---

[1] Defendant argues that the evidence does not support the sentencing court's finding that he stipulated to that grid block. However, the trial court record shows that defendant's counsel agreed that the sentencing order, which shows a stipulated grid block of 10 E, was "in the proper form."

review under ORS 138.222(4)(a). *State v. Rathbone I*, 110 Or App 414, 823 P2d 430 (1991).[2]

A sentence imposed according to a plea agreement is subject to ORS 135.407:

"In cases arising from felonies committed on or after November 1, 1989:

"(1) Whenever a plea agreement is presented to the sentencing judge, the defendant's criminal history classification, as set forth in the rules of the State Sentencing Guidelines Board, shall be accurately represented to the trial judge in the plea agreement. If a controversy exists as to whether a prior conviction or juvenile adjudication should be included in the defendant's criminal history, or as to its classification under rules of the State Sentencing Guidelines Board, the district attorney and the defendant may stipulate to the inclusion, exclusion or classification of the conviction or adjudication as part of the plea agreement subject to approval of the court.

"(2) The district attorney and the defendant may stipulate to the grid block classification within the sentencing guidelines grid established by the rules of the State Sentencing Guidelines Board that will provide the presumptive sentence range for the offender. The sentencing judge may accept the stipulated classification and impose the presumptive sentence provided in the rules of the State Sentencing Guidelines Board for that grid block.

"(3) If the district attorney and the defendant stipulate to a grid block classification within the sentencing guidelines grid, and the sentencing judge accepts the stipulated classification but imposes a sentence other than the presumptive sentence provided by rules of the State Sentencing Guidelines Board, the sentence is a departure sentence and is subject to rules of the State Sentencing Guidelines Board related to departures.

"(4) The district attorney and defendant may stipulate to a specific sentence within the presumptive range provided

_____

[2] The state also argues that defendant's claimed errors relate to the court's determination of how many prior convictions he has and the nature of those convictions. It contends that review is therefore precluded by ORS 137.079(4)(f) and ORS 138.222(4)(b), which limit review of prior convictions to the court's ranking of the crime seriousness classification of the current crime or the classification of a prior conviction for criminal history purposes. However, defendant does not challenge the fact that he had "four non-person type convictions." He challenges how that criminal history can be used in a plea agreement.

by rules of the State Sentencing Guidelines Board for the stipulated offender classification. If the sentencing judge accepts the plea agreement, the judge shall impose the stipulated sentence.

"(5) The district attorney and the defendant may stipulate to a sentence outside the presumptive sentence range for a stipulated grid block classification. The sentencing judge may accept an agreement for an optional probationary sentence or a departure sentence as provided in rules of the State Sentencing Guidelines Board."

■ Defendant argues that, even when a defendant and the state stipulate to a sentence outside the presumptive sentence, under ORS 135.407(5) the trial court may impose that sentence only after finding substantial and compelling reasons to impose a departure. The state contends that the parties may stipulate to a grid block other than the one in which a defendant's criminal history would place him and that, once the stipulation is explained to the court, it does not have to make findings supporting a departure if the sentence imposed is within the presumptive range of the stipulated grid block.

Under ORS 135.407(2), the parties may stipulate to a grid block classification. However, that subsection does not make it clear whether the criminal history, which ORS 135.407(1) requires must be *accurately represented* to the court, must also be accurately reflected in the stipulated grid block. Under the state's interpretation, although the sentencing court must be made aware of a defendant's actual criminal history in the overall context of a plea agreement, that history does not necessarily control any part of the negotiated grid block.

The state's interpretation would allow the parties virtually unrestricted freedom to arrive at an agreement while still providing the court with accurate information on which to accept or reject the agreement. However, the legislative history makes it clear that the legislature did not intend that result. Except insofar as there is a genuine dispute as to whether there was a conviction of a crime or the classification of a crime, criminal history is not subject to negotiation.[3]

---

[3] OAR 253-07-002(1) likewise requires an offender's criminal history classification to be represented accurately in the plea agreement. The commentary to that

An explanation of the provision, later codified as ORS 135.407, was before the House Judiciary Subcommittee on Crime. It reads, in part:

"[ORS 135.407(1)] requires the parties in all cases to represent the offender's criminal record accurately to the sentencing court. When the existence or classification of a prior conviction is disputed, the parties can resolve the dispute through a plea agreement with the approval of the court.

"[Under ORS 135.407(2)] [t]he parties may stipulate to the appropriate grid block classification for an offender. In most cases, this classification process will focus on the Crime Seriousness Classification of the crime of conviction (the vertical axis of the sentencing guidelines grid). *The offender's placement on the Criminal History Scale (the horizontal axis of the grid) may only be negotiated, as permitted by subsection (1), when a true dispute arises with respect to the existence or classification of one or more prior convictions.*" Exhibit D, House Judiciary Subcommittee on Crime, June 15, 1989. (Emphasis supplied.)

A senior staff member of the Criminal Justice Council also explained how plea agreements would operate under the legislation and rules. The court must be informed as fully as possible as to the accurate criminal history. Then the parties can agree to one of three "scenarios": (1) They may stipulate to a grid block classification and leave the sentence up to the judge; (2) they may stipulate to both the grid block and the sentence that is within the grid block and is, therefore, within the presumptive sentence range; or (3) they may stipulate to a grid block classification and to a sentence that is a departure from the presumptive sentence for that grid block. In the third case, the sentencing judge may accept and impose the stipulated sentence but is still required to find on the record the mitigating or aggravating factors that would justify a departure. Testimony of Bob Durston, Sentencing Guidelines Program Manager, House Judiciary Subcommittee on Crime, June 15, 1989.

---

section says, in part:

"Under [the] sentencing guidelines an offender's criminal history assumes a far more carefully defined and formal role in sentencing than under the prior indeterminate sentencing system. Accordingly, this section prohibits any misrepresentation of the criminal history to the sentencing judge in the context of a plea agreement." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 72 (1989).

■     The sentence here does not meet the requirements of ORS 135.407. A sentencing court cannot accept a stipulated grid block that does not accurately reflect a defendant's criminal history. Although the state and the defendant can agree to a prison term outside the presumptive range that would follow from the criminal history, defendant is correct that the sentencing court can only impose a stipulated sentence if it finds the appropriate factors to support the departure. No findings were made here. Accordingly, we reverse and remand. ORS 135.432; ORS 135.407.

Reversed and remanded for new trial.