Argued and submitted June 21, 1991, affirmed February 12, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN R. STEVENS,
*Appellant.*

(90P-3215; CA A67304)

826 P2d 12

Henry M. Silberblatt, Portland, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was charged in an 11-count indictment with a variety of drug-related felonies, several of which included the allegation that his conduct was part of a "drug manufacture scheme." He demurred to several of those counts, contending that the "scheme or network" allegations were unconstitutionally vague. The court overruled the demurrer, holding that those allegations in the indictment were sentencing considerations and not for the jury. Defendant then accepted the state's plea bargain offer by pleading guilty to two of the counts, one of which included the allegation that was the basis for his demurrer.

When the court accepted defendant's guilty pleas, defendant acknowledged that the "scheme or network" count would place him in grid block 8 I. At a later sentencing hearing, the state dismissed the other nine counts, pursuant to the plea agreement. Defendant did not dispute the grid block or the presumptive sentence of 16 to 18 months. The court imposed a 16-month prison term. After defendant's guilty plea and sentence, we held that the "scheme or network" language violates Article I, sections 20 and 21, of the Oregon Constitution. *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991).

On appeal, defendant's one assignment of error attacks two rulings of the trial court: the overruling of his demurrer and the imposition of sentence. He argues:

"The trial court erred when it denied defendant's demurrer to the indictment by ruling that the 'scheme or network' language was a sentencing consideration and not an element of the offense, and when it sentenced defendant on Count 1 to an aggravated sentence pursuant to category 8, rather than in category 4."

■ We have no authority to review the court's ruling on the demurrer. Defendant pled guilty, and review of the court's intermediate order is not within the scope of review under ORS 138.050, although it would have been reviewable if defendant had gone to trial. *State v. Rubio-Landa*, 110 Or App 134, 820 P2d 467 (1991). Defendant argues that, if we cannot review the language of the indictment under ORS 138.050, we must nonetheless consider his arguments under

ORS 138.222(4)(b), which allows review of the classification of the crime seriousness on an appeal from a sentence.

■ ■ ORS 138.222(2)(d) precludes review of a sentence imposed pursuant to a plea agreement. The crime to which defendant pled guilty was classified as category 8. He was aware of and did not dispute that classification when he pled guilty pursuant to the agreement. His claim is not reviewable under ORS 138.222(4)(b). *State v. LeDonne*, 111 Or App 114, 823 P2d 454 (1992). Neither is it reviewable under ORS 138.222(4)(a) as a failure by the sentencing court to follow the requirements of law. *State v. Rathbone I*, 110 Or App 414, 823 P2d 430 (1991).[1]

Affirmed.

---

[1] Notice of appeal was filed on November 15, 1990. On October 23, 1991, the trial purported to enter a new "Judgment of Conviction and Sentence." ORS 138.083 provides:

"The sentencing court shall retain authority irrespective of any notice of appeal for 60 days after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors."

Even if that statute would otherwise be applicable here, the trial court had no authority to modify the judgment of conviction after the 60 days had expired. *See State v. Pinkowsky*, 111 Or App 166, 826 P2d 10 (1992).