## STATE OF OREGON,
*Respondent,*

*v.*

## RANDY GLENN BRANDON,
*Appellant.*

## (C901744CR; CA A70712)

843 P2d 457

Dan Maloney, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Youlee Yim You, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Affirmed.

## WARREN, P. J.

Defendant appeals his convictions for attempted aggravated murder and attempted murder, ORS 163.105; ORS 163.115; ORS 161.405, and the sentence imposed after the court merged the convictions. We affirm.

Defendant argues that the court erred in denying his motion for judgment of acquittal. There was evidence that defendant intended to murder the victim, who was a police officer, and took a substantial step toward committing the murder. The court did not err in denying the motion.

After merging the convictions, the court ranked attempted aggravated murder as category 10 on the Crime Seriousness Scale. Defendant argues that, under OAR 253-04-005, an attempted crime must be ranked two crime categories below the category for the completed crime. Thus, he contends, even though aggravated murder is an unranked offense, OAR 253-04-004, an attempted aggravated murder cannot be ranked at a category above 9, because the highest crime seriousness category is 11. He argues that to permit the court to do otherwise would allow it to "extrapolate" grid blocks not provided for by the guidelines.

Aggravated murder is not in the guidelines grid. OAR 253-04-004 provides:

> *"Except for ORS 163.095-163.105 Aggravated Murder,* when a person is convicted of any other felony or crime punishable by state imprisonment which is omitted from the Crime Seriousness Scale, the sentencing judge shall determine the appropriate crime category for the current crime on conviction and shall state on the record the reasons for the offense classification." (Emphasis supplied.)

OAR 253-04-003 provides:

> "The offense of Aggravated Murder is not ranked in the Crime Seriousness Scale *because the sentence is set by statute as death or mandatory life imprisonment* (ORS 163.095-163.105)." (Emphasis supplied.)

Defendant was convicted of *attempted* aggravated murder. OAR 253-04-005(1) governs sentencing for attempts:

> "A conviction for an attempted crime shall be ranked on the Crime Seriousness Scale at two crime categories below the

appropriate category for the completed crime. *A sentence imposed for an attempted crime shall not exceed the maximum sentence permitted for such criminal conduct under ORS 161.405.*" (Emphasis supplied.)

The first sentence of OAR 253-04-005(1) requires that a conviction for an attempted crime be ranked two categories below the completed crime. That provision cannot apply to attempted aggravated murder, because a defendant convicted for aggravated murder is not sentenced under the guidelines. Consequently, only the second sentence of OAR 253-04-005(1) can apply to the crime of attempted aggravated murder. Under that provision, a sentence for attempted aggravated murder is not within the incarceration limits of the guidelines. Rather, it is limited by the maximums of the felony classifications under ORS 161.405, which make attempted murder a Class A felony. Aggravated murder is one type of murder. ORS 163.095. The maximum sentence for a Class A felony is 20 years. ORS 161.605. Thus, the incarceration term for attempted aggravated murder cannot exceed 20 years.[1]

Defendant was sentenced to 115 months incarceration with a post-prison supervision term of 36 months. That sentence does not exceed the maximum permitted by OAR 253-04-005.

Affirmed.

---

[1] Attempted aggravated murder is one instance where the legislature has specifically indicated that the preguidelines limits that apply to *indeterminate* sentences apply to a felony committed on or after November 1, 1989. *See State v. Little*, 116 Or App 322, 842 P2d 414 (1992).