Submitted on record and briefs January 6, remanded with instructions April 26, 1995

STATE OF OREGON,
*Respondent,*

*v.*

STEVEN R. STEVENS,
*Appellant.*

(903215; CA A72419)

894 P2d 1217

Henry M. Silberblatt filed the brief for appellant.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant pleaded guilty to unlawful manufacture of a controlled substance. ORS 475.992(4)(A). The indictment included an allegation that defendant's conduct "occurred as part of a drug manufacturing scheme." The trial court entered a judgment of conviction on October 16, 1990, and defendant appealed the sentence imposed on him. We affirmed the judgment. *State v. Stevens*, 111 Or App 258, 826 P2d 12 (1992).

While that appeal was pending, however, defendant filed a petition for a writ of *habeas corpus* in Marion County Circuit Court, which was properly treated as a petition for post-conviction relief. The post-conviction court vacated the sentence, concluding that the trial court incorrectly used the scheme or network factor, and remanded for resentencing. *See State v. Moeller*, 105 Or App 434, 806 P2d 1230, *rev dismissed* 312 Or 76 (1991). On that remand, the trial court resentenced defendant on October 23, 1991. Defendant appeals from that judgment.

■■ Because defendant filed his petition while his direct appeal was pending, the post-conviction court did not have jurisdiction to hear his claim. ORS 138.550(1). Therefore, its order to the trial court to vacate the October 16, 1990, judgment was void. Similarly, when the trial court on remand resentenced defendant on October 23, 1991, defendant's direct appeal was still pending. Because of that appeal, the court did not have authority to resentence. *See* ORS 138.083; *Stevens*, 111 Or App at 261 n 1. Accordingly, the judgment from which defendant now appeals had no effect and the original judgment entered October 16, 1990, stands.

Remanded with instructions to vacate judgment of October 23, 1991, and reinstate judgment of October 16, 1990.