Submitted on record and briefs January 13, affirmed on appeal; remanded for
resentencing on cross-appeal December 27, 1995, petition for review denied
July 16, 1996 (323 Or 690)

# STATE OF OREGON,
*Respondent - Cross-Appellant,*

*v.*

# STEVEN ROY BERGESON,
*Appellant - Cross-Respondent.*

## (9209-35174; CA A80645 (Control); A80653)

908 P2d 835

Sally L. Avera, Public Defender, filed the briefs for appellant - cross-respondent.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent - cross-appellant.

Before Richardson, Chief Judge, and Deits and De Muniz, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant appeals his convictions for two counts of attempted aggravated murder, two counts of attempted assault in the first degree with a firearm, two counts of unlawful use of a weapon and one count of being a felon in possession of a firearm. He makes no assignments of error and his counsel filed a brief consistent with *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The state cross-appeals the sentences imposed, ORS 138.060(5), ORS 138.222(7). On appeal, we affirm the convictions and on cross-appeal, we remand for resentencing.

After trial, but before sentencing, defendant was diagnosed as having AIDS.[1] At sentencing, the court determined the gridblock classifications under the sentencing guidelines for each of the offenses, except the two counts of attempted aggravated murder. It expressly declined to classify those two offenses on the basis of *State v. Brandon*, 116 Or App 600, 843 P2d 457 (1992), *rev den* 315 Or 643 (1993). The court imposed five years probation on each conviction, each to run concurrently, as a downward dispositional departure. The judgments recited:

> "This is a downward dispositional departure sentence and the Court finds reasons for departure: The court finds substantial and compelling reasons for a downward dispositional departure to probation. The court further finds substantial and compelling reasons for an upward departure in the number of custody units. The court makes such further findings of fact and conclusions of law as are stated on the record."

The judgments are no more specific as to the findings or conclusions the court may have made and the oral statements of the court do not make any particular findings.

The state asked the court to designate a crime seriousness rank for each count of attempted aggravated murder and to impose at least a mandatory sentence of incarceration — the "gun minimum" — under ORS 161.610. The state also noted that, if the court did not impose the mandatory "gun

---

[1] It appeared that the only reason the court used for a dispositional departure was that defendant may not be able to receive adequate medical treatment if he were incarcerated.

minimum," it must make findings as required by ORS 161.610(5). The court did not address any sentence under ORS 161.610 or make findings pursuant to subsection (5).

■■ The state first argues that the court erred by not ranking the two attempted aggravated murder convictions on the Crime Seriousness Scale. Defendant argues that, under *State v. Brandon*, aggravated murder and attempted aggravated murder are not sentenced under the guidelines. We review to determine if the court complied with the requirements of the law, ORS 138.222(4)(a). Under the guidelines applicable at the time of defendant's sentencing, aggravated murder and attempted aggravated murder were unranked offenses on the Crime Seriousness Scale.[2]

OAR 253-04-004 provided:

"Except for ORS 163.095-163.105 Aggravated Murder, when a person is convicted of any other felony or crime punishable by state imprisonment which is omitted from the Crime Seriousness Scale, the sentencing judge shall determine the appropriate crime category for the current crime of conviction and shall state on the record the reasons for the offense classification."

OAR 253-04-005(1) governs sentencing for attempts:

"A conviction for an attempted crime shall be ranked on the Crime Seriousness Scale at two crime categories below the appropriate category for the completed crime. A sentence imposed for an attempted crime shall not exceed the maximum sentence permitted for such criminal conduct under ORS 161.405."[3]

In *Brandon*, we held that, under those sentencing guidelines rules, attempted aggravated murder was not required to be classified two crime categories below aggravated murder, because aggravated murder was not sentenced using the gridblock ranges. 116 Or App at 603. In other words, there

---

[2] Under the current guidelines, which were effective November 1, 1993, attempted aggravated murder is ranked as a category 10 offense. Or Laws 1993, ch 692, § 1.(1). Because defendant committed the offenses after November 1, 1989, the guidelines apply but, because he committed the offenses before the 1993 amendments, the unamended version of the statutes and rules apply.

[3] Under ORS 161.405(2)(a), attempted aggravated murder is a class A felony. The maximum sentence for a class A felony is 20 years. ORS 161.605(1).

was no "appropriate category" from which a court could calculate the crime category of attempted aggravated murder.

■■ Our holding, however, does not mean, as defendant argues, that attempted aggravated murder is not sentenced under the guidelines. ORS 137.010 requires that all crimes committed on or after November 1, 1989, be sentenced pursuant to the guidelines. Under OAR 253-04-004, if a crime is omitted from the Crime Seriousness Scale, the sentencing judge *shall* determine the appropriate crime category and *shall* state on the record the reasons for the offense classification. Consequently, even though an attempted aggravated murder classification is not determined mathematically by applying OAR 253-04-005(1), the sentencing judge must rank it on the Crime Seriousness Scale. The sentencing judge has discretion to rank the offense on the scale, but must state on the record the reasons for the offense classification. *State v. Rathbone II*, 110 Or App 419, 421-22, 823 P2d 432 (1991), *rev den* 313 Or 300 (1992) (citing the Sentencing Guidelines commentary for guidance in classifying an unranked offense). This ranking, in conjunction with the defendant's criminal history score, establishes the gridblock and the presumptive sentence. This is a necessary predicate for determining the sentence that the court will impose whether within the presumptive range or by a dispositional or durational departure.[4] The court erred by not determining an appropriate crime seriousness category for the two attempted aggravated murder convictions and by not stating reasons on the record for any classification.

■■ The state also argues that the court erred by not addressing the "gun minimum" sentence under ORS 161.610.[5] If the crime category for attempted aggravated

---

[4] The sentence imposed, whether from the gridblock established by the sentencing court or by upward departure, cannot exceed the maximum sentence permitted by ORS 161.405. OAR 253-04-005(1).

[5] ORS 161.610 (1991) provided, in part:

"(3) Notwithstanding the provisions of ORS 161.605 or 137.010(3), if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, *the court shall impose at least the minimum term of imprisonment* as provided in subsection (4) of this section. * * *

"(4) The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

murder determined by the court resulted in a presumptive sentence of less than five years — the minimum sentence under ORS 161.610 — then the court is required to impose the five-year sentence under ORS 137.637.[6] Execution of the five-year sentence may be suspended if the court makes the findings required by ORS 161.610(5) (1991):

> "If it is the first time that the defendant is subject to punishment under this section, the court may suspend the execution of the sentence otherwise required under paragraph (a) of subsection (4) of this section, or impose a lesser term of imprisonment, when the court expressly finds mitigating circumstances justifying such lesser sentence and sets forth those circumstances in its statement on sentencing."

Because the five-year "gun minimum" becomes the sentence the court must impose, in order to give probation or a lesser sentence the court must make the findings required by ORS 161.610(5) and need not find substantial and compelling reasons for a dispositional or durational departure under the guidelines rules.[7]

In summary, the court must first rank the attempted aggravated murder convictions on the Crime Seriousness Scale. If the presumptive sentence for that gridblock is less than five years, then the court must sentence defendant under ORS 161.610. It must make the appropriate findings under subsection (5) of that statute if it does not impose and execute the five-year minimum sentence.

The state also argues that the court erred by "soliciting and considering evidence outside the record" in making its decision to impose a dispositional departure. Additionally, the state contends that the only basis given by the court, the lack of adequate medical treatment, was not sufficient to

---

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years * * *." (Emphasis supplied.)

[6] "When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the presumptive sentence as provided by the rules of the State Sentencing Guidelines Board, whichever is longer."

[7] We express no opinion whether there is a substantive distinction between the criteria of ORS 161.610(5) and the "substantial and compelling reasons" of the guidelines.

justify imposing probation. Because we remand for resentencing so that the court can rank the convictions and make appropriate findings, we conclude it is unnecessary to address those issues.

Affirmed on appeal; on cross-appeal, remanded for resentencing.