440

Argued and submitted July 7, 1998, reversed and remanded February 17, 1999

STATE OF OREGON,
*Appellant,*

*v.*

DON WADE THAYER,
*Respondent.*

(97-3125-C; CA A99900)

974 P2d 699

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Laurance W. Parker argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Riggs, J., resigned.

## LANDAU, P. J.

In this criminal case, the state appeals a pretrial order dismissing the accusatory instrument on the ground that the same case previously had been dismissed. The state argues that, because the case previously had been dismissed without prejudice, it was not precluded from refiling the information. We agree with the state and reverse and remand.

On March 21, 1997, defendant was charged by information with recklessly endangering another person. ORS 163.195. Trial was set for May 14, 1997. When the prosecution did not appear on the date of trial, Judge Sawyer orally dismissed the information. He did not specify whether the dismissal was with or without prejudice. Later that day, Judge Sawyer signed an order of dismissal with prejudice. The order was never entered, however. It was merely placed in the court file. On May 20, 1997, the court noted on a "proceedings sheet" that the case had been dismissed, but did not indicate whether the dismissal was with or without prejudice. On June 19, 1997, the state filed a notice of appeal, attaching the May 20, 1997, proceedings sheet as the order being appealed. That appeal is currently pending, *State v. Thayer*, CA A98047.

On July 9, 1997, the state filed a second information against defendant, charging him with recklessly endangering another person. The charge alleges the same facts alleged in the March 21, 1997, information. A new case file was opened and a new case number assigned. Defendant moved to dismiss the second information, arguing that the same charge previously had been dismissed with prejudice. Judge White found that Judge Sawyer had intended the earlier dismissal to be with prejudice. On that ground, Judge White granted defendant's motion and dismissed the second information with prejudice. It is the dismissal of the second information that the state challenges in this appeal.

The state argues that Judge Sawyer's oral dismissal of the first information did not specify that it was with or without prejudice. The state acknowledges that Judge Sawyer later signed an order dismissing the case with prejudice,

but it argues that the order has no effect, because the order was never entered. Defendant argues that Judge Sawyer's dismissal of the first information must be understood to have been with prejudice, because Judge White later so found. Defendant argues that, in any event, Judge White had no jurisdiction to proceed on the second information, because the state's appeal of the order dismissing the first information deprived the trial court of jurisdiction over the matter.

■ We begin with the question whether Judge Sawyer's purported dismissal of the first information precluded the state from filing the second information. ORS 136.130 provides:

> "If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

In this case, defendant was charged with recklessly endangering another person, a Class A misdemeanor. Thus, under ORS 136.130, the dismissal of the first information is a bar to refiling the charge only if the trial court "so directs." The statute further provides that, if the trial court "does so direct," the court must enter a judgment of acquittal.

■■ On the record before us, we conclude that there is no basis for precluding the state from filing the second information. No order was entered dismissing the information. Judge Sawyer signed an order dismissing the information with prejudice, but that order was never entered and therefore had no effect. ORS 137.071; *State v. Panichello*, 71 Or App 519, 692 P2d 720 (1984). Even assuming, for the sake of argument, that the "proceedings sheet" that recites that the information had been dismissed counts as an order, that document fails to specify that the dismissal was with prejudice. In the absence of a direction that a dismissal is with prejudice, it is treated as a dismissal without prejudice. *State v. Faulkner*, 30 Or App 1027, 568 P2d 714 (1977). Moreover, Judge Sawyer did not enter a judgment of acquittal as required under ORS

136.130. We conclude, therefore, that Judge Sawyer's dismissal of the first information did not preclude the state from filing the second information.

■     We turn then to defendant's contention that, in any event, the state's appeal of the dismissal of the first information deprived the trial court of jurisdiction to try defendant on the second information and thus deprives us of jurisdiction to consider the state's appeal. The state acknowledges that its appeal regarding the dismissal of the first information had the effect of transferring jurisdiction to this court over *that* case. The state nevertheless contends that, because *this* case is an entirely different proceeding, it is not precluded from pursuing prosecution on the second information. A decision in its favor on either appeal would moot the other one, the state concedes. But, the state insists, the mere filing of a notice of appeal in one action does not pose a jurisdictional bar to the state pursuing an appeal in the other, separate action.

■     We agree with the state. Certainly, filing the notice of appeal concerning the dismissal of the first information deprived the trial court—subject to exceptions not pertinent to this case—of jurisdiction to proceed with the prosecution of that case. *State v. Stevens*, 134 Or App 1, 894 P2d 1217 (1995). Nothing precluded the state from initiating a separate action by filing a second information, however. Defendant cites no authority for his contention that the state is precluded from doing just that; he merely complains that it presents the practical problem of requiring him to defend the dismissal of the case against him on two fronts. That may be so, but such practical difficulties do not amount to a jurisdictional impediment.

Reversed and remanded.