Submitted February 4, vacated and remanded with instructions to dismiss the petition for post-conviction relief March 23, 2011

RAFAEL GUTIERREZ GONZALEZ,
aka Rafael Gonzalez Gutierrez,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
07045812P; A140782

249 P3d 1288

Brian Patrick Conry filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Rosenblum, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals from a judgment denying his petition for post-conviction relief. For the first time on appeal, he contends that the post-conviction court "had no jurisdiction to hear" his petition for post-conviction relief.[1] The state agrees "that petitioner's petition was premature" and, therefore, the post-conviction court lacked jurisdiction to consider petitioner's claims.

The petition for post-conviction relief in this case was filed in 2007; an amended petition was filed in January 2008. However, the appellate judgment on the direct appeal from the underlying criminal case was not entered until March 2008.[2] Because the petition was filed while petitioner's direct appeal was still pending, the post-conviction court did not have jurisdiction to consider his claim. ORS 138.540(1) (post-conviction relief petition shall not be filed while appellate review remains available); ORS 138.550(1) (no post-conviction proceeding may be pursued while direct appellate review remains available); ORS 138.510(3)(b) (petition for post-conviction relief must be filed within two years of the date the appeal was final); *State v. Stevens*, 134 Or App 1, 3, 894 P2d 1217 (1995) (circuit court has no jurisdiction to hear a post-conviction claim where the petition is filed while direct appeal is pending); *Mora v. Maass*, 120 Or App 173, 176-77, 851 P2d 1154 (1993) (same). Given the fact that it lacked jurisdiction over the case, the post-conviction court should have dismissed the petition for post-conviction relief.

Vacated and remanded with instructions to dismiss the petition for post-conviction relief.

---

[1] Although he presents his contention as a "plain error" argument, we note that subject matter jurisdiction may be raised at any time. *See Weatherspoon v. Allstate Ins. Co.*, 193 Or App 330, 333, 89 P3d 1277, *rev den*, 337 Or 327 (2004).

[2] The appellate judgment related to the direct appeal of both the convictions underlying the instant post-conviction proceeding and additional convictions that had been consolidated for the purpose of issuance of that judgment.