249 P.3d 1288 (2011)
241 Or. App. 649
Rafael Gutierrez GONZALEZ, aka Rafael Gonzalez Gutierrez, Petitioner-Appellant,
v.
Mark NOOTH, Superintendent, Snake River Correctional Institution, Defendant-Respondent.
07045812P; A140782.
Court of Appeals of Oregon.
Submitted February 4, 2011.
Decided March 23, 2011.
Brian Patrick Conry filed the brief for appellant.
John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.
*1289 Before ORTEGA, Presiding Judge, and ROSENBLUM, Judge, and SERCOMBE, Judge.
PER CURIAM.
Petitioner appeals from a judgment denying his petition for post-conviction relief. For the first time on appeal, he contends that the post-conviction court "had no jurisdiction to hear" his petition for post-conviction relief.[1] The state agrees "that petitioner's petition was premature" and, therefore, the post-conviction court lacked jurisdiction to consider petitioner's claims.
The petition for post-conviction relief in this case was filed in 2007; an amended petition was filed in January 2008. However, the appellate judgment on the direct appeal from the underlying criminal case was not entered until March 2008.[2] Because the petition was filed while petitioner's direct appeal was still pending, the post-conviction court did not have jurisdiction to consider his claim. ORS 138.540(1) (post-conviction relief petition shall not be filed while appellate review remains available); ORS 138.550(1) (no post-conviction proceeding may be pursued while direct appellate review remains available); ORS 138.510(3)(b) (petition for post-conviction relief must be filed within two years of the date the appeal was final); State v. Stevens, 134 Or.App. 1, 3, 894 P.2d 1217 (1995) (circuit court has no jurisdiction to hear a post-conviction claim where the petition is filed while direct appeal is pending); Mora v. Maass, 120 Or.App. 173, 176-77, 851 P.2d 1154 (1993) (same). Given the fact that it lacked jurisdiction over the case, the post-conviction court should have dismissed the petition for post-conviction relief.
Vacated and remanded with instructions to dismiss the petition for post-conviction relief.
NOTES
[1] Although he presents his contention as a "plain error" argument, we note that subject matter jurisdiction may be raised at any time. See Weatherspoon v. Allstate Ins. Co., 193 Or.App. 330, 333, 89 P.3d 1277, rev. den., 337 Or. 327, 99 P.3d 291 (2004).
[2] The appellate judgment related to the direct appeal of both the convictions underlying the instant post-conviction proceeding and additional convictions that had been consolidated for the purpose of issuance of that judgment.